Smart Farm Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 42845.   Promulgated February 29, 1932.

*J. Marvin Haynes, Esq.*, and *C. J. McGuire, Esq.*, for the petitioner.

*Stanley B. Anderson, Esq.*, for the respondent.

OPINION.

Love: Petitioner contends that the question involved in this proceeding is controlled by our decision in *Virginia Beach Golf Course Annex Corporation*, 23 B. T. A. 1169. We agree with that contention.

The respondent contends that the facts in the instant proceeding differ from those in the case relied upon by petitioner in that the dividend in the *Virginia Beach* case was stipulated to have been an unliquidated dividend *in kind*, whereas the dividend in the instant proceeding was for a definite amount, namely, $80 per share; that by the declaration of such dividend the petitioner created an indebtedness of $400,000 in favor of its stockholders; and that when it liquidated such indebtedness with $2,729.23 of cash and $397,270.77 of land contracts, it realized the profit of $254,631.62 contained in such contracts, on the ground that what it did was just the same as if it had sold the land contracts for $397,270.77 and taken the proceeds therefrom to pay its indebtedness to its stockholders.

We think the dividend in the instant proceeding is as much a dividend in kind as was the dividend in the *Virginia Beach* case, *supra*. The resolution of the stock holders specifically authorized the directors " to distribute cash and assets of the Company to the stockholders " and in accordance with such resolution the directors resolved " That a dividend in the amount of Eighty ($80.00) Dollars per share be and the same hereby is declared in partial liquidation of the capital stock * * * payable in cash and in land contracts receivable taken at the book value thereof." At that time petitioner had only $9,357.32 of cash in its treasury, whereas it had land contracts on its books in the amount of $575,059.98. We think this fact, together with the action taken by the stockholders and directors, clearly shows that the dividend to the extent of $397,270.77 was one

in kind, namely, "in land contracts receivable taken at the book value thereof."

It follows that our decision here must be the same as it was in *Virginia Beach Golf Course Annex Corporation*, *supra*, and that the respondent erred in including the amount of $254,631.62 in petitioner's net income. See particularly point 1 of our opinion in the *Virginia Beach* case, at page 1172.

Reviewed by the board.

*Judgment will be entered for the petitioner.*